**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

**PALZETTA NELSON-GUESS,**

        **Plaintiff,**

v.                                                       Case No.:  06-2307 KHV

**CHANDRA R. BOYD,**

        **Defendant.**

**DEFENDANT'S MOTION IN LIMINE**

COMES NOW defendant, Chandra R. Boyd, by and through counsel of record, and respectfully moves the Court for an Order in limine precluding references by counsel during jury selection, opening statement, closing argument and any reference by any witness or within any exhibit, any of the following matters, to wit:

    1.     **Liability Insurance:** Kansas law is clearly that no party should be allowed to advise the jury of the existence of liability insurance coverage or the amounts of any such coverage for claims against this defendant. K.S.A. 60-454; *Schmidt v. Farmers Elevator Mutual Ins. Co.,* 208 Kan. 308 (1971).

This rule of law is important to a defendant and requires vigilance of the issue throughout all phases of the trial. Exhibits to be shown to the jury must be redacted so as to eliminate any references to defendant's liability insurance. Witnesses must be instructed to avoid testimony which might include any reference to defendant's liability insurance or communications or negotiations with defendant's liability insurance carrier or adjustors and other representatives of such company. Kansas law has recognized the presumed prejudice to a defendant of liability insurance mentioned in evidence and defendant respectfully requests the Court to enforce this important aspect of the law.

    2.     **Opinions or conclusions of any investigating law enforcement officer:** The jury should not be made aware of any opinion, contention or conclusion of any investigating law

enforcement officer concerning any driver actions or contributing factors which may have allegedly caused or contributed to cause the accident.  Plaintiff did not timely designate any such person as an expert witness and defendant relied on plaintiff's timely designations in doing discovery and deciding on defense experts.  Additionally, witnesses must be qualified as experts in order to give any such opinions.  *Lollis v. Superior Sales,* 224 Kan. 251 (1978).

3. **Hearsay evidence of what any health care provider or witness told plaintiff:** Plaintiff should not be allowed to state what she was told by any health care provider or other witness who does not actually testify in the trial.  K.S.A. 60-460.  Plaintiff's counsel should not be permitted to elicit testimony from any physician regarding what plaintiff may have allegedly said regarding past history, the alleged cause of her injury or injuries, or the alleged duration of her injury or injuries, in order to prevent the introduction of self-serving declarations made by plaintiffs not under oath.  Cf. ***Van Pelt v. Richards Pain & Paper Co.***, 136 Kan. 213 (1932).

4. **Any evidence or comment presenting a claim by plaintiff not specified in the Pretrial Order:**  The plaintiff agreed to a Pretrial Order in this case by indicating such agreement as approval of the Order by plaintiff's attorney on behalf of plaintiff.  The Pretrial Order accurately reflects the claims presented by plaintiff during the course of litigation.  Accordingly, the Pretrial Order supersedes the pleadings and controls the issues at trial, as Kansas law provides it must.  *Sieben v. Sieben,* 231 Kan. 372 (1982).

5. **Any evidence or comment about any financial disparity between plaintiff and this defendant.**  The financial disparity between this defendant and the plaintiff is not relevant to any issue in the trial, and would have the potential of causing irreparable prejudice to this defendant if admitted into evidence or commented upon by counsel or any witness.

6. **Offers of compromise settlement:**  Kansas law is clearly that evidence that a party has offered to settle a disputed claim is inadmissible to prove liability for the loss or damage claimed.  This defendant adamantly disputes that plaintiff is entitled to the damages claimed in this trial.  Offers of settlement made prior to trial are done so with motivations relative to costs and

expenses and not necessarily the merits of plaintiff's claims. The jury should decide the case on the basis of the evidence admitted on liability and damages, and not on the basis of pre-trial irrelevant settlement negotiations. K.S.A. 60-452, 453; *Ettus Orking Exterminating Co.,* 233 Kan. 555 (1983).

7. **Any evidence or comment from any expert witness not timely disclosed by plaintiff as part of plaintiff's expert witness designation:** Any expert testimony on behalf of plaintiff which was not disclosed in time for defendant to analyze such evidence, consider opposing expert consultation and/or opposing expert witnesses, would prejudice defendant in terms of defending herself at trial. Plaintiff has made expert witness disclosures and plaintiff's evidence must be limited to those disclosures.

8. **Any physical demonstration by plaintiff before the jury:** Plaintiff should be precluded from making physical demonstrations before the jury, e.g., holding her back, standing during the trial and similar actions to convey pain or disability, for the reason that such actions are wholly within the subjective control of plaintiff and not readily susceptible to cross-examination. The prejudicial effect outweighs any probative value to plaintiff.

9. **Any "disability rating," "percentage of disability," "functional disability rating," or any other worker's compensation concept:** Medical witnesses frequently attempt to express opinions of percentage disability in common law cases, such as the one at bar. Such concepts and standards are not recognized in common law cases. *Russell v. Watts,* 96 Kan. 276, 277 (1915).

10**.** Plaintiff should not be allowed to read or offer deposition testimony into evidence until this defendant is first afforded a reasonable opportunity to review and state any necessary objections to the proffered testimony.

11. Plaintiff should not be allowed to make any reference to the fact that the property damage claim resulting from the accident has been compromised and settled with this defendant's representatives, in that such evidence or testimony is irrelevant to the subject matter of the pending action and contrary to law. **K.S.A. 60-452**.

12. Plaintiff should not be permitted to disclose to the jury, directly, indirectly or otherwise that any portion of her claim has been resolved by compromise settlement, in that such settlement is inadmissible at trial. **K.S.A. 60-452**.

13. Any reference to any lack of concern at the scene of the accident by defendant regarding the plaintiff's injury claims and/or any reference to defendant's failure to speak with plantiff or attempt to render aid to plaintiff at the scene of the accident.

14. Any excessive references to plaintiff's religious affiliation or activities.

In further support of this motion, defendant states that evidence regarding the foregoing matters would be inadmissible at trial, and the mere mention of such matters before the jury would be highly improper and unduly prejudicial to this defendant, even if the Court were to sustain objections and to instruct the jury to disregard such matters for any purpose.

Further, defendant states that there is no other method or manner by which the problems described herein can be properly handled at trial and, in all probability, any such attempt would result in reversible error or a mistrial.

Motions in limine are recognized in Kansas Courts as appropriate methods to exclude, in advance of trial, immaterial, irrelevant and prejudicial evidence. *Board of Educ., Unified School District No. 464 v. Porter*, 234 Kan. 690 (1984).

WHEREFORE, defendant respectfully moves the Court to enter its order in limine and preclude and admonish plaintiff and his counsel and witnesses from offering remarks, exhibits, or evidence on the above issues and facts.

**HARRIS McCAUSLAND, P.C.**

   /s/ Todd C. Barrett
Dana M. Harris                    #09704
Todd C. Barrett                   #15894
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
dharris@harrismccausland.com
ATTORNEY FOR DEFENDANT

4

## Certificate of Service

I hereby certify that on April 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Stephen K. Nordyke and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.


s/Todd C. Barrett
Dana M. Harris
Todd C. Barrett
For the Firm