DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PALZETTA NELSON-GUESS,**

                          **Plaintiff,**                  **Civil Action**

             **vs.**                           **No. 06-2307-DJW**

**CHANDRA R. BOYD,**

                          **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court are the Motions in Limine filed by Defendant (doc. 21 & 22) and by Plaintiff (doc. 37 & 38). This is a negligence action arising out a rear-end motor vehicle collision. There is no dispute as to liability. The only disputed issues are whether Plaintiff sustained injuries and the nature and extent of her alleged injuries. The Court's rulings on the parties' Motions in Limine are set out below.

**I.**       **Defendant's Motions in Limine**

       **A.**       **Defendant's Motion in Limine Regarding Liability Insurance and Various Other Topics (doc. 21)**

              *1.*     *Evidence regarding liability insurance*

Plaintiff states in her response to the Motion in Limine that she does not intend to introduce any evidence regarding liability insurance coverage. Based on this representation, the Court will grant the Motion as to this topic. Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding liability insurance coverage.

2.      *Opinions or conclusions of any investigating law enforcement officer*

Plaintiff states in her response to the Motion that she does not intend to introduce any opinions or conclusions of any investigation law enforcement officer.  Based on Plaintiff's representation, the Court will grant the Motion as to this topic.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding opinions or conclusion of any investigating law enforcement officer.

3.      *Evidence regarding what any health care provider or witness told Plaintiff*

Defendant asserts that Plaintiff "should not be allowed to state what she was told by any health care provider or other witness who does not actually testify in the trial,"[1] nor should Plaintiff's counsel be permitted to elicit testimony from any physician regarding what Plaintiff may have said regarding her past history, the alleged cause of her injuries, or the alleged duration of the injuries.

Plaintiff argues that Defendant's request for an order in limine on these topics is overly broad and should be denied.  The Court agrees, as it is impossible to determine in a vacuum whether any such statements would be considered hearsay or whether they might fall within any of the numerous exceptions to the hearsay rule.  To issue a blanket prohibition against the introduction of such statements would, at this time, be premature.  The Court will rule at trial on any specific hearsay objections that Defendant may assert.[2]  The Motion in Limine is therefore denied as to this topic.

---

[1]Def.'s Mot. in Limine (doc. 21) at p. 2.

[2]The Court notes that Defendant has withdrawn all objections to the videotaped deposition of Plaintiff's expert.  *See* Def.'s Designation and Objections from the Dep. of Dr. Terrence Pratt (doc. 28) at p. 2, in which Defendant states that "[a]ll objections made during the course of the [Pratt] deposition by defense counsel are hereby withdrawn."

4.      *Evidence or comment presenting a claim by Plaintiff not specified in the Pretrial Order*

Plaintiff states in her response that she does not intend to present any claims other than those identified in the Pretrial Order.   Based on this representation, the Court will grant the Motion with respect to this issue.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding any claim not specified in the Pretrial Order.

5.      *Evidence or comment about any financial disparity between Plaintiff and Defendant*

Plaintiff states that she does not intend to introduce evidence regarding any disparity between the parties' financial conditions.  In light of this representation, the Court will grant the Motion as to this topic.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding any financial disparity between Plaintiff and Defendant.

6.      *Offers of compromise settlement*

Plaintiff states she does not intend to present any evidence regarding any offers of settlement or compromise between the parties and/or their representatives.  Based on this representation, the Court will grant the Motion in Limine as to this topic.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding any offers of settlement or compromise between the parties and/or their representatives.

7.      *Evidence or comment from any expert witness not timely disclosed by Plaintiff as part of Plaintiff's expert witness designation*

In her response, Plaintiff states that she has only disclosed one expert witness, Dr. Pratt, and that, in accordance with the Pretrial Order, she has designated the portions of his videotaped deposition testimony that she intends to present at trial.  Plaintiff further states that she does not

intend to call any other witnesses to testify as experts.  In light of the foregoing, the Court will grant

the Motion in limine as to this topic.  Neither Plaintiff nor Defendant shall present any evidence or

testimony from any expert witness not timely disclosed by either party.

8.      *Any physical demonstration by Plaintiff before the jury*

Defendant requests that Plaintiff be "precluded from making physical demonstrations before

the jury, e.g., holding her back, standing during the trial and similar actions to convey pain or

disability, for the reason that such actions are wholly within the subjective control of plaintiff and

not readily susceptible to cross-examination."[3]  Plaintiff states that she does not intend "to present

any type of live physical demonstration of Plaintiff's injuries or condition at trial."[4]

Notwithstanding Plaintiff's representation that she does not plan to present a "live physical

demonstration" of her injuries, the Court will deny the Motion to Compel on this issue.  The Court

finds it difficult, if not impossible, to define the types of "demonstrations" or behavior that Plaintiff

would be prohibited from engaging in at trial.   The Court's denial of the Motion does not preclude

Defendant from asserting an appropriate objection at trial if it should become an issue during the

trial.

9.      *Any "disability rating," "percentage of disability," "functional disability rating," or any other worker's compensation concept*

Plaintiff states in response to the Motion in Limine that she does not intend to present

evidence or testimony regarding any disability rating, percentage of disability, or functional

disability rating.  In light of this representation, the Court will grant the Motion in Limine with

respect to this topic.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or

---

[3]Def.'s Mot. in Limine (doc. 21) at p. 3.

[4]Pl.'s Resp. to Def.'s Mot. in Limine (doc. 34) at p. 3.

make any comment, regarding any "disability rating," "percentage of disability," "functional disability rating," or any other similar worker's compensation assessment of disability.

        *10.    Deposition testimony that Defendant has not been allowed to review or to which she has not had the opportunity to object*

Defendant seeks an order precluding Plaintiff from reading or offering deposition testimony into evidence until such time Defendant is afforded a reasonable opportunity to review the testimony and assert any objection thereto. The Court will deny the Motion in Limine as to deposition testimony, as the requested ruling is not necessary. Paragraph 14.d. of the Pretrial Order (doc. 26) already provides that any deposition testimony sought to be offered by any party (other than to impeach a testifying witness) must be designated by page and line in a pleading filed at least twenty-one days prior to trial.

        *11.    Any reference that Plaintiff's property damage claim has been settled*

Plaintiff states that she does not intend to make any reference to the fact that her property damages have been paid by Defendant or Defendant's representatives. The Court therefore grants the Motion in Limine as to this topic. Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding the settlement or payment of Plaintiff's property damage claims.

        *12.    Any evidence or reference to fact that any portion of Plaintiff's claims have been settled*

Plaintiff responds that "[n]o part of Plaintiff's personal injury claim has been resolved by compromise or settlement."[5]  In light of this representation, the Court will grant the Motion in

---

[5]*Id*. at p. 4.

Limine as to this topic.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding the settlement of any portion of Plaintiff's claims.

> 13.    Any reference to Defendant's lack of concern for Plaintiff or failure to speak with or render aid to Plaintiff at the scene of the accident

Plaintiff responds that she does intend to present any evidence regarding these issues.  In light of this representation, the Court will grant the Motion to Compel as to these topics.  Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding Defendant's apparent lack of concern for Plaintiff or failure to speak with, or render aid to, Plaintiff at the scene of the accident.

> 14.    Any "excessive references" to Plaintiff's religious affiliation or activities

Defendant argues that any such references would be inadmissible, and "the mere mention of such matters before the jury would be highly improper and unduly prejudicial."[6]  Plaintiff responds that Defendant's request is too vague to even be meaningful, as there is no way for the Court to determine what Defendant means by the term "excessive."   Plaintiff indicates that this issue should be addressed at trial, if it should arise.  The Court agrees with Plaintiff that Defendant's request is vague.  The Motion in Limine will therefore be denied as to this topic.

**B.    Defendant's Motion in Limine to Exclude Evidence, Testimony or Comments Regarding Plaintiff's Medical Bill Totals Prior to Payments Write-Offs and Adjustments Made by Medicare (doc. 22)**

Defendant asks the Court to exclude all evidence, testimony, and comments regarding medical bills and expenses that were submitted by her medical providers to Medicare before any adjustment or write-offs were made.  Defendant argues that Plaintiff should be limited to presenting only those medical charges that Medicare actually reimbursed.   Plaintiff responds that Plaintiff's

---

[6]Def.'s Mot. in Limine (doc. 21) at p. 4.

medical care and treatment were provided through private insurance and not Medicare, and, therefore, Defendant's Motion is totally unnecessary.

As there were no payments, write-offs, or adjustments made by Medicare, the Court agrees with Plaintiff that the motion is unnecessary. The Motion is therefore denied with respect to these topics.

## II.     Plaintiff's Motions in Limine

### A.      Plaintiff's Motion in Limine to Exclude Evidence and Argument of Medical Insurance and Medical Expense Write-Offs (doc. 37)

Plaintiff seeks to exclude all evidence, testimony, and references to the fact that all or part of Plaintiff's medical bills have been paid through private insurance or that any of her medical bills have been compromised, discounted, or written-off by health care providers. Defendant has informed the Court that she does not intend to oppose the Motion, and the deadline for filing any opposition to the Motion has passed.

In light of the above, the Court will grant Plaintiff's Motion as unopposed.[7] Neither Plaintiff nor Defendant shall present any evidence or testimony, or make any comment, regarding the fact that all or any part of Plaintiff's medical bills have been paid through private insurance or that any of her medical bills have been compromised, discounted, or written-off by health care providers.

### B.      Plaintiff's Motion in Limine to Exclude Evidence as to the Extent of Property Damage and to Exclude Argument as to the Relationship Between Property Damage and Plaintiff's Injuries (doc. 38)

Plaintiff seeks to exclude any evidence or testimony regarding the extent of property damage to either of the parties' vehicles and from arguing the existence of any relationship between the

---

[7]*See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

extent of that damage and the extent or nature of Plaintiff's personal injuries.  Plaintiff contends that evidence concerning damage to the parties' vehicles has no relevance to Plaintiff's personal injury claim, which is the only claim she is asserting.  She maintains that the probative value of such evidence is outweighed by the risk that the jury will engage in speculation and be misled.  She further asserts that because no expert testimony will be presented on this issue, there would be no foundation for the admission of any such evidence.

Defendants opposes Plaintiff's Motion, arguing that such evidence is relevant and probative as to (1) the force, severity and nature of the impact, (2) the effect of the impact upon the vehicles, and (3) the point of impact/contact.  Defendant maintains that such evidence would clearly aid the jury in determining the extent of Plaintiff's alleged injuries.  Defendant further asserts that such matters are within the common sense knowledge of laypersons and that the correlation between the extent of damage to the vehicles and the extent and probability of personal injury resulting therefrom is well within the jury's understanding.  Finally, Defendant argues that the exclusion of such evidence could cause needless speculation by the jury as to the nature of the accident that allegedly caused Plaintiff's claimed injuries.

Federal Rule of Evidence 403 codifies the evidentiary principle that the probative value and prejudicial effect of offered evidence must be weighed in determining its admissibility. Under Rule 403, evidence is excluded only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[8]  The Rule creates a presumption in favor of admissibility.  Thus, "[i]n performing the [Rule] 403 balancing, the court should give the

---

[8]Fed. R. Evid. 403.

evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."[9]
Furthermore, Rule 403 requires that even if prejudice is found, "it must *substantially* outweigh the
probative value of the evidence in order to be excluded."[10]   Exclusion of evidence under Rule 403
"is an extraordinary remedy and should be used sparingly."[11]

Plaintiff has failed to explain specifically how jurors might be misled or how Plaintiff might
be prejudiced by this evidence.  The Court presumes that Plaintiff fears the jury will leap to the
conclusion that a minor impact is capable of producing only minor injuries, and that the jury will
unfairly disregard any other evidence regarding the nature and extent of Plaintiff's evidence.  The
Court is not convinced that there is substantial risk of such prejudice or confusion.

Moreover, the Court finds that this evidence would be highly probative, as it may reveal the
force and severity of the impact, the nature of the impact, and the effect of the impact upon the
vehicles.  Clearly, such information would be relevant and probative of whether Plaintiff would be
reasonably expected to have suffered injury and the type and extent of the injury.   Balancing this
substantial probative value against the minimal risk of prejudice and confusion, the Court finds that
the balance weighs heavily in favor of admitting this evidence.

The Court will now turn to the issue of whether the evidence should be excluded because no
expert will testify as to the relationship between the damage to the vehicles and injury to Plaintiff.
Federal Rule of Evidence 702 allows the Court to admit specialized knowledge if it will "assist the

---

[9]*Deters v. Equifax Credit Info. Servs.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (internal quotations and citations omitted).

[10]*U.S. v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (emphasis in original).

[11]*U. S. v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999) (citations omitted).

trier of fact to understand the evidence or to determine a fact in issue."[12] "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject."[13]

There is no fixed or general rule that requires expert testimony.[14] Rule 702 does, however, dictate that where the topic requires special experience, only the testimony of a person with that special experience will be received.[15] Expert testimony is warranted "where the facts are such that inexperienced persons are likely to prove incapable of forming a correct judgment" without expert assistance.[16] In contrast, expert testimony is not necessary where the matter in issue is such that the jury can be expected to draw the correct inferences from the facts presented.[17]

Applying these rules to this case, the Court cannot find that the relationship between the damage to two vehicles involved in a collision and an occupant's injuries is beyond the ambit of common knowledge, understanding, or experience of ordinary persons. The Court cannot conclude that jurors are likely to prove incapable of forming a correct judgment as to the relationship between the damage to the automobiles and the claimed injuries of Plaintiff. Accordingly, the Court declines

---

[12]Fed. R. Evid. 702.

[13]*U.S. v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991).

[14]*Randolph v. Collectramatic, Inc*., 590 F.2d 844, 848 (10th Cir. 1979) (citing *Wigmore on Evidence,* 3rd ed., Vol. II, §§ 555, 556 & Vol. VII, § 2090).

[15]*Id.* (citations omitted).

[16]*United Telecomm., Inc. v. Am. Television and Communications Corp.*, 536 F.2d 1310, 1317 (10th Cir. 1976).

[17]*Id.*

to exclude evidence of property damage on the basis that no expert will testify regarding the relationship of the property damage to Plaintiff's injuries.

In summary, the Court holds that evidence concerning the damage to the vehicles involved in this collision is probative of the extent and nature of Plaintiff's personal injuries and that the probative value is not outweighed by the risk of prejudice or confusion.  Furthermore, the Court rules that the jury is capable of forming a correct judgment regarding the relationship between the damage to the automobiles and Plaintiff's injuries.  The Court will therefore decline to exclude evidence regarding the extent of property damage or any argument as to the relationship between the property damage and Plaintiff's personal injuries.  Plaintiff's Motion in Limine to exclude such evidence and argument is therefore denied.

**IT IS THEREFORE ORDERED** that Defendants Motion in Limine Regarding Liability Insurance and Various Other Topics (doc. 21) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence, Testimony or Comments Regarding Plaintiff's Medical Bill Totals Prior to Payments Write-Offs and Adjustments Made by Medicare (doc. 22) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence and Argument of Medical Insurance and Medical Expense Write-Offs (doc. 37) is granted, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence as to the Extent of Property Damage and to Exclude Argument as to the Relationship Between Property Damage and Plaintiff's Injuries (doc. 38) is denied.

11

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 22nd day of August 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties